**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 8 2007

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO 3:07CV00137 SWW |
| v. | ) ) COMPLAINT |
| TOMORROW'S CHILD LEARNING CENTER LLC | ) ) This case assigned to District Judge Wright ) and to Magistrate Judge Young ) |
| Defendant. | ) ) **JURY TRIAL DEMAND** ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Shelia Reed and a class of women who have been adversely affected by such practices. Ms. Reed and two other women were denied a reasonable accommodation of their sincerely held religious beliefs and terminated because of their religious beliefs in violation of Title VII.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) and §706 and §707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII").

2.    The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Jonesboro Division.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) and §707 of Title VII, 42 U.S.C. §2000-5(f)(1) and (3), and 42 U.S.C. §2000-6.

4.      At all relevant times, Defendant Tomorrow's Child Learning Center, LLC ("Defendant Employer"), was a corporation doing business in the State of Arkansas and the City of Blytheville and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty (30) days prior to the institution of this lawsuit, Shelia Reed filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      From on or around September of 2006 and continuing, Defendant Employer has engaged in unlawful employment practices at its facility in Blytheville, Arkansas, in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a).   The unlawful practices include, but are not limited to, discrimination against Shelia Reed and other women by denying them a reasonable accommodation of their sincerely held religious beliefs and terminating them because of their religious beliefs.

2

8.     The religious beliefs of Ms. Reed and the other two women do not permit them to wear pants.

9.     The women have a sincerely held religious belief that they must wear skirts.

10.    None of the women have worn pants in several years.

11.    Defendant refused to reasonably accommodate the religious beliefs of Ms. Reed and the other two women by requiring them to wear uniform pants instead of permitting them to wear a skirt.

12.    Due to Defendant's refusal to reasonably accommodate the religious beliefs of Ms. Reed and the other two women, they were terminated and/or forced to resign.

13.    The effect of the practices complained of above has been to deprive Ms. Reed and a class of women of equal employment opportunities and otherwise adversely affect their status as employees.

14.    The unlawful employment practices complained of above were and are intentional.

15.    Defendant Employer at all relevant times acted with malice or reckless indifference to the federally protected rights of Ms. Reed and a class of women.

### PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully prays that this Court:

A.     Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion under Title VII of the Civil Rights Act of 1964, as amended.

B.     Order Defendant Employer to institute and carry out policies, practices, and

3

programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Shelia Reed and a class of women who were subjected to religious discrimination and discharge by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or frontpay.

D.     Order Defendant Employer to make whole Shelia Reed and a class of women who were subjected to  religious discrimination and discharge by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical and/or counseling expenses, job search expenses, and other appropriate expenses, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Shelia Reed and a class of women who were subjected to religious discrimination and discharge by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant Employer to pay Shelia Reed and a class of women who were subjected to religious discrimination, suspension and discharge punitive damages for its malicious and/or reckless conduct described above, in an amount to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper.

H.     Award the Commission its costs in this action.

4

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE WILLIAMS**
Regional Attorney
TN #011730

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, Tennessee 38104
(901) 544-0088

**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney
AR #88081

**PAMELA B. DIXON**
Senior Trial Attorney
AR #95085

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Ste. 200
Little Rock, Arkansas 72201
Telephone:    (501) 324-5539
                   (501) 324-5065

5