IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * * * | |
| Plaintiff, | * * * | |
| vs. | * | No. 3:07cv000137 SWW |
| | * * * * | |
| TOMORROW'S CHILD LEARNING CENTER, LLC, | * * * | |
| Defendant. | * | |

## ORDER

The Equal Employment Opportunity Commission ("EEOC") brought this action against Tomorrow's Child Learning Center, LLC ("TCLC") alleging certain female employees of TCLC were denied a reasonable accommodation of their sincerely held religious beliefs (the wearing of long skirts) and terminated because of their religious beliefs in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. By Memorandum and Order entered on September 29, 2008 [doc.#30], this Court granted TCLC's motion for summary judgment on grounds that the EEOC failed to establish a prima facie case of religious discrimination and that even if it had, allowing the female employees to wear long skirts would impose an undue hardship on TCLC. Judgment was entered that same day [doc.#31].[1]

On October 23, 2008 – 24 days after the entry of judgment – TCLC filed a motion for costs and attorney's fees [doc.#32]. The EEOC has responded in opposition to TCLC's motion

---

[1] The EEOC has since filed a notice of appeal from this Court's grant of summary judgment to TCLC.

arguing that TCLC's motion for costs and attorney's fees is untimely but that even if it weren't, the Court should deny attorney's fees pursuant to the standard established in *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

Addressing first the issue of attorney's fees, the Court agrees with the EEOC that TCLC's motion for attorney's fees is untimely under Local Rule 54.1 of the Local Rules for the Eastern and Western Districts of Arkansas (providing that a motion for attorney's fees shall be filed within 14 days after the entry of judgment) although the Court notes that it retains the discretion to consider an untimely motion for attorney's fees. *See Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992). Such is of no consequence in this case, however, because regardless of the timeliness of TCLC's motion for attorney's fees, the Court would still deny the motion as an award of attorney's fees to a prevailing Title VII defendant is proper "only if the 'court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless ....'" *Marquart v. Lodge 837*, 26 F.3d 842, 849 (8th Cir. 1994) (quoting *Christiansburg*, 434 U.S. at 422). *See also U.S.E.E.O.C. v. Mid-Minnesota Federal Credit Union*, 820 F.Supp. 432, 435 (D.Minn. 1993) (court's careful consideration of parties' briefs and factual submissions in resolving motion for summary judgment is some indication that the suit is not frivolous). Here, although the Court ultimately granted TCLC's motion for summary judgment, it did so only after careful consideration and the EEOC's claim was not at any time frivolous, unreasonable, or groundless.[2]

TCLC's motion for costs, which the EEOC does not address, is different, however. Rule

---

[2] The EEOC also argues that TCLC's motion for attorney's fees is untimely under Fed.R.Civ.P. 54(a)(2)(B) (motion for attorney's fees must be filed no later than 14 days after the entry of judgment) but this Court's Local Rule 54.1 time limit for filing a motion for attorney's fees is an "order of the court" that governs this case. *See Johnson v. Lafayette Fire Fighters Ass'n*, 51 F.3d 726, 729 (7th Cir. 1995); *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001). However, as both rules provide for a 14-day time limit, and as the Court would in any case deny TCLC's motion for attorney's fees under the standard established in *Christianburg*, the distinction is not in this case important.

54(d) of the Federal Rules of Civil Procedure contains no specific provision as to time limitations for the taxation of costs and this Court's local rules likewise do not specifically contain provisions as to time limitations for the taxation of costs. *Cf. Congregation of the Passion v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988) ("where no local rule sets a time for filing a bill of costs, Rule 54(d) – which does not include any specific time limit – allows a prevailing party to wait until after appeal to file its bill") (citation omitted).  Accordingly, this Court does not find TCLC's motion for costs to be untimely in these circumstances.

In addition, unlike attorney's fees, a court may award a prevailing Title VII defendant its costs even though the plaintiff proceeded in good faith with a non-frivolous claim. *EEOC v. Sears, Roebuck and Co.*, 111 F.R.D. 385, 391 (N.D.Ill. 1986) (citing *Coyne-Delany v. Capital Development Bd. of the State of Illinois*, 717 F.2d 385, 390 (7th Cir. 1983)).  *See also Pacheco v. Mineta*, 448 F.3d 783, 795 (5th Cir. 2006) ("Following our sister circuits, we hold that the losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party").[3]  Accordingly, the fact that the EEOC's claim was not frivolous, unreasonable, or groundless is no impediment to an award of costs.

Under 28 U.S.C. § 1920, a judge or court clerk "may tax as costs" fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters.  Under Fed.R.Civ.P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  *See Brisco-Wade v. Carnahan*,

---

[3] Rule 54(d) provides that costs against a United States Agency, such as the EEOC, shall be imposed only to the extent permitted by law.  As noted in *Sears*, 42 U.S.C. § 2000e-5(k), which states that the United States and the EEOC "shall be liable for costs the same as a private person," provides the necessary statutory authorization for such cost awards.  111 F.R.D. at 391 n.15.

297 F.3d 781, 782 (8th Cir. 2002).

The Court finds that TCLC is entitled to an award of costs but not the full $2,868.21 it seeks. First, the Court does not award costs for postage and faxes as "expenses for items such as facsimiles, express mail and postage are not permitted under § 1920." *Sun Media Systems, Inc. v. KDSM, LLC*, — F.Supp.2d —, 2008 WL 4969159, at *2 (S.D. Iowa 2008). Additionally, attorney travel expenses are not recoverable. *Id*. at *3. Finally, the Court does not allow costs for "Investigation Services" as investigation fees are not included as compensable items in § 1920. *Walden v. City of Providence*, 2008 WL 4613074, at *15 (D.R.I. 2008).

With respect to the remainder of the items listed by TCLC as costs – copying costs, deposition costs, and transcript costs – the Court, with no argument to the contrary by EEOC, finds that all of these matters for which reimbursement is being sought were necessary to the defense of this action. Additionally, when an expense, such as necessary photocopies, is taxable as a cost, "there is a strong presumption that a prevailing party shall recover it 'in full measure.'" *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citations omitted). The losing party bears the burden of making the showing that an award is inequitable under the circumstances. *Id. See also 168th and Dodge, LP v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958 (8th Cir. 2007) (a prevailing party is presumptively entitled to recover all of its costs and the losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must suggest a rationale under which the district court's actions constitute an abuse of discretion) (internal quotations and citations omitted). The EEOC, as previously noted, has not argued that an award of costs is inequitable under the circumstances or that this Court's actions constitute an abuse of discretion. Accordingly, excluding those costs

for which recovery is not allowed, TCLC is entitled to an award of costs in the amount of $2,398.30.

IT IS THEREFORE ORDERED that TCLC's motion for attorney's fees [doc.#32] be and it hereby is denied.

IT IS FURTHER ORDERED that TCLC's motion for costs [doc.#32] in the amount of $2,398.30 be and it hereby is granted.

Dated this 1st day of December 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE